IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| GARY HIRSCH, and all others similarly situated whose interests are joined herein,<br><br>Plaintiffs,<br>v.<br><br>KATE BROWN, Governor of the State of Oregon,<br><br>Defendant. | Case No. 1:15-cv-01250-CL<br><br><br><br>**REPORT &<br>RECOMMEDATION** |

CLARKE, Magistrate Judge.

Plaintiff Gary Hirsch ("Plaintiff") seeks to proceed in forma pauperis ("IFP") in this action. For the reasons stated below, the Court recommends that Plaintiff's Complaint (#2) be DISMISSED without prejudice and his IFP application (#1) be DENIED as moot.

### LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the

litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff seeks a declaration that Oregon Senate Bill 941 is unconstitutional as well as a permanent injunction to prevent Defendant Governor Kate Brown ("Defendant") from enforcing it. Along with his Complaint, Plaintiff moves for a waiver of the required filing fee. In support of his motion, he cites two federal cases in which courts previously granted him IFP status. Plaintiff, however, has not filed a formal application to proceed IFP in this case. Without information on Plaintiff's income, debts, assets, etc., the Court cannot verify whether Plaintiff is unable to pay the costs of commencing this action as required by 28 U.S.C. § 1915(a)(1).

Even assuming Plaintiff is indigent, his current claims should be dismissed for lack of standing. 28 U.S.C. § 1915(e)(2)(B). There are two strands of standing jurisprudence in federal court: "Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (citations and internal quotations omitted). Plaintiff's Complaint fails under both strands.

The "irreducible constitutional minimum of standing contains three elements[:]" (1) the plaintiff must have suffered an "injury in fact"; (2) "there must be a causal connection between the injury and conduct complained of"; and (3) "it must be 'likely' . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and internal quotations omitted). The Supreme Court has consistently defined an "injury in fact" as "an invasion of a legally protected interest which is . . . concrete and particularized . . . and . . . actual or imminent, not conjectural or hypothetical." *Id.* at 560 (quotations and citations omitted). For an injury to be concrete and particularized, the plaintiff must show the alleged harm is particular to him and not shared equally with his fellow citizens.

*See Lance v. Coffman*, 549 U.S. 437, 440 (2007). Here, Plaintiff has not met the "injury in fact" test. His Complaint does not establish how Defendant's actions affected Plaintiff "in a personal and individual way" above and beyond the impact felt by Oregonians generally. *Lujan*, 504 U.S. at 561 n.1. Accordingly, Plaintiff lacks Article III standing.

Dismissal is also appropriate because of prudential considerations. "The prudential component of standing precludes the exercise of [subject-matter jurisdiction] even where the Constitution's 'irreducible minimum' requirements have been met." *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1108 (9th Cir. 2003). A court may refrain from "adjudicating abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 474-75 (1982). Here, Plaintiff's Complaint presents claims that would be better resolved through the political process. *See Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 909 (9th Cir. 2011) ("where large numbers of Americans suffer alike, the political process, rather than the judiciary process, may provide the more appropriate remedy for a widely shared grievance"). There is no evidence that Plaintiff has a more particularized stake in Defendant's actions than any other Oregonian asserting a generalized grievance. Because Plaintiff's alleged interest is shared by all citizens, he lacks prudential standing to bring his claims.

The Court cannot say with certainty that none of Plaintiff's claims could be cured by amendment. Thus, his Complaint should be dismissed without prejudice to filing an amended

/ / /

/ / /

complaint. Should Plaintiff be given the opportunity to refile, he should be instructed to follow the standards set forth above.

## RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's Complaint (#2) be DISMISSED without prejudice and his IFP application (#1) be DENIED as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 21 day of July 2015.

MARK D. CLARKE
United States Magistrate Judge